Bruce R. BENT, Charles H. Brunie, E.E. Geduld, Richard Gilder, Virginia Gilder, William I. Ingram, Bruce Kovner, Charles Parlato, Thomas L. Rhodes, and Robert W. Wilson, Plaintiffs,

v.

Carol BERMAN, in her official capacity as Chairperson of the Board of Elections of the State of New York; Owen T. Smith, Helena M. Donohue, and Evelyn Aquila, in their official capacities as Commissioners of the Board of Elections of the State of New York; and the Board of Elections of the State of New York, Defendants.

No. 94 Civ. 3236 (MGC).

United States District Court,
S.D. New York.

July 25, 1994.

---

Weil, Gotshal & Manges by Steven Alan Reiss, David J. Lender, New York City, for plaintiffs.

Jeffrey D. Wait, Sp. Deputy Counsel, Stanley L. Zalen, Enforcement Counsel, to the N.Y. State Bd. of Elections, Albany, NY, for defendants.

## *OPINION*

CEDARBAUM, District Judge.

This action arises from a constitutional challenge to subpoenas which were issued by the New York State Board of Elections (the "Board") from its office in the Northern District of New York and served on ten individuals in the Southern District of New York. The subpoenas require plaintiffs' appearance before the New York City Board of Elections in the Southern District to testify in connection with an investigation being conducted by the Board concerning two political organizations, whose principal headquarters are in the Northern District. The subpoenas also request that plaintiffs produce all documents in their possession relating to these political organizations, as well as information regarding any political contributions made by plaintiffs in 1992.

Defendants move to dismiss for improper venue, pursuant to Fed.R.Civ.P. 12(b)(3), or to transfer this case to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). In the alternative, defendants move to transfer this case, pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, defendants' motions are denied.

### *Background*

In 1992, after receiving several written complaints that certain provisions of the New York Election Law were being violated by Citizens Helping Achieve New Growth and Employment–New York, Inc. ("CHANGE–NY") and Political Action Committee to Kick-out Unproductive Politicians ("PACK–UP"), the Board launched an investigation into the activities of these political organizations. The subpoenas at issue here are the third set of subpoenas issued in connection with this investigation that have been challenged in court.

In February and June of 1993, defendants issued subpoenas to CHANGE–NY and to Key Bank, where CHANGE–NY and PACK–UP maintain accounts. (Compl. Ex. A.) CHANGE–NY filed a complaint in the Northern District of New York to quash these subpoenas on jurisdictional and constitutional grounds. (*Id.* Ex. B.) On July 7, 1993, Judge Cholakis granted CHANGE–NY's motion for a preliminary injunction quashing the subpoenas and, on August 19, 1993, granted summary judgment to plaintiff, permanently enjoining defendants from enforcing the subpoenas on the ground that they were overbroad. (*Id.* Exs. C, D.) On August 27, 1993, defendants issued a new subpoena to CHANGE–NY. (*Id.* Ex. E.) CHANGE–NY again challenged the subpoena in the Northern District of New York, but its request for an injunction was denied. CHANGE–NY then challenged the same subpoena in state court in Albany. On January 7, 1994, Justice Kahn denied CHANGE–NY's motion to quash the subpoena, and issued an order compelling its compliance with the subpoena. (Wait Aff. Ex. A.) CHANGE–NY has appealed this decision to the Third Department.

Between March 25 and April 7, 1994, the subpoenas at issue here were served on plaintiffs. Plaintiffs commenced this action on May 4, 1994, alleging that the subpoenas violate their rights of freedom of association and freedom of speech protected by the Constitution of the United States and the Constitution of the State of New York.

## Discussion

I. *Dismissal or Transfer Pursuant to 28 U.S.C. § 1406(a)*

■ Defendants contend that there is no valid basis for venue in the Southern District of New York and that this case must therefore be dismissed or transferred to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). This section provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Section 1391(b) of Title 28 of the U.S.Code provides the following:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiffs do not contend that any of the defendants reside in this district. Instead, plaintiffs rely on § 1391(b)(2), and assert that "a substantial part of the events ... giving rise to the claim occurred" in the Southern District of New York. Plaintiffs argue that the service of the subpoenas in the Southern District and the demand that plaintiffs appear for depositions in the Southern District are a substantial part of the events giving rise to their claim against defendants. In addition, plaintiffs argue that since they are all residents of the Southern District, any political contributions responsive to the subpoenas are likely to have been solicited and paid here.

Defendants argue that venue lies only in the Northern District of New York, where defendants made the decision to issue the subpoenas in question. Defendants contend that although the subpoenas were served on plaintiffs and required their appearance in the Southern District, the heart of this lawsuit is the Board's decision to issue the subpoenas. Defendants argue that plaintiffs acknowledge this in the complaint, by stating that the claim "aris[es] out of the issuance of subpoenas to [plaintiffs] by defendants...." (Complaint ¶ 1.) Defendants contend that plaintiffs' claim has no substantial connection with the Southern District since the subpoenas were made returnable in New York City, rather than in Albany, only as a courtesy to the plaintiffs, and to avoid having to pay plaintiffs' travel expenses. (Wait Aff. ¶¶ 18–19.) Finally, defendants point to the fact that CHANGE–NY and PACK–UP maintain

their primary offices and conduct the activities that led to the Board's investigation in the Northern District.

This case appears to present an issue of first impression. Judge Friendly, in *Liberation News Service v. Eastland,* 426 F.2d 1379 (2d Cir.1970), raised but did not decide a very similar issue, and suggested that venue may lie either in the district where a subpoena is prepared and mailed and the records were to be produced, or in the district where the subpoena was received and the records were kept, "or perhaps in both." *Id.* at 1382 n. 4. Although the venue provision in effect at the time *Liberation News* was decided did not explicitly provide for venue in more than one district, this provision has since been amended.

In 1990, Congress amended § 1391(b) to provide that venue in federal question cases is proper in "a judicial district in which a substantial part of the events ... giving rise to the claim occurred." 28 U.S.C. § 1391(b). Prior to 1990, § 1391(b) provided that venue was proper "only in the judicial district ... in which the claim arose," which some courts had interpreted as meaning that there could be only one proper venue. In amending this provision, the House Committee on the Judiciary explained that this amendment recognizes that in many cases "substantial parts of the underlying events have occurred in several districts." H.R.Rep. No. 734, 101st Cong., 2d Sess.1990, *reprinted in* 1990 U.S.C.C.A.N. 6860, 6869. Although the Committee Report noted that this amendment would avoid the "litigation breeding phrase 'in which the claim arose,'" (*Id.*), it appears that litigants have simply changed their focus to the question of what constitutes a "substantial part" of the events giving rise to a claim.

Defendants place heavy reliance on *Andrew H. v. Ambach,* 579 F.Supp. 85 (S.D.N.Y. 1984), for their contention that venue lies only in the district in which state officials make a decision that gives rise to a lawsuit, and not in the district in which the impact of that official decision is felt. In holding that a challenge by Southern District residents to official state funding decisions regarding special education could be raised only in the Northern District, the *Andrew H.* court stated:

> The fact that certain plaintiffs may live in the Southern District, or suffer injury there, is not determinative. Section 1391(b) looks not to the plaintiffs' residence or the place of the claimed injury, but rather to the defendants' residence and the place where the "events having operative significance" for plaintiffs' claim occurred.

579 F.Supp. at 88.

Plaintiffs argue that *Andrew H.* is no longer good authority because it was decided prior to the 1990 amendment to § 1391(b), which expanded permissible venues. Plaintiffs contend that the *Andrew H.* court conducted a much narrower inquiry than is now necessary in that the court no longer needs to determine if the chosen venue has the most substantial connection to the claim, but only if that venue has some substantial connection to the claim. Thus, while plaintiffs recognize that venue would be proper in the Northern District, they contend that venue is also proper in the Southern District.

It is not necessary to determine whether the 1990 amendment changes the significance of the holding of *Andrew H.* because its facts are distinguishable from those in the present case. The *Andrew H.* court concluded that the significant events giving rise to the plaintiffs' claim were the adoption of and the implementation of the school funding policy, both of which took place in the Northern District. The claim's only connection to the Southern District was the fact that the statewide funding decision affected some persons living in that district, as well as those in other districts of the state.

In the present case, however, plaintiffs seek to quash subpoenas that were targeted specifically at persons residing only in the Southern District, and that direct plaintiffs to search their files for documents in the Southern District and to testify in the Southern District. And, while the Board may have made the decision to issue the subpoenas in the Northern District, this decision was not implemented until the subpoenas were actually served on plaintiffs in the Southern Dis-

trict. Although the decision to issue the subpoenas is clearly a substantial part of the events giving rise to plaintiffs' claim, it cannot be disputed that no claim would have arisen had these subpoenas never been served on plaintiffs. *Cf. Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (finding venue proper in district whose only connection to the claim was the fact that plaintiff received debt collection notice there because the "harm does not occur until receipt of the collection notice"). Moreover, the connection to the Northern District is weakened by the fact that the subpoenaed documents are not limited to documents that relate to contributions made by plaintiffs to the organizations that are the subject of the Board's investigation. The subpoenas require the production of documents that relate to all political contributions made by plaintiffs.

Defendants' motion to dismiss or transfer, pursuant to 28 U.S.C. § 1406(a), is therefore denied.

## II. *Transfer Pursuant to 28 U.S.C. § 1404(a)*

■ In the alternative, defendants argue that even if venue is proper in the Southern District, the case should still be transferred pursuant to 28 U.S.C. § 1404(a). That section provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties acknowledge that since resolution of this constitutional challenge to the scope of the Board's subpoenas will involve a careful examination of the language of the subpoenas themselves, factors such as the location of documents and the convenience of witnesses do not weigh in favor of either the Northern or the Southern District.

Defendants argue, however, that it would be a more efficient use of judicial resources if this case were transferred to the Northern District where Judge Cholakis decided a related case last August, and where there is currently an appeal pending in a related case in state court. Defendants argue further that resolution of this action is likely to involve an interpretation of Judge Cholakis' order, which ought to be interpreted by Judge Cholakis himself. Defendants rely on *National Union Fire Insurance v. Frasch*, 751 F.Supp. 1075, 1080–81 (S.D.N.Y.1990), in which the court transferred an action to Colorado, where there was a related action pending in state court, to facilitate discovery and to accommodate the parties involved in both actions.

Plaintiffs argue that the federal action before Judge Cholakis is no longer pending, involved different parties, evaluated different subpoenas, and therefore should not be considered in determining the appropriate venue. Plaintiffs also contend that the basis for Judge Cholakis' decisions is clearly stated in two written opinions. In addition, plaintiffs argue that the action pending in Albany is in state court and is currently on appeal, and therefore should not be considered in weighing judicial efficiencies. Finally, plaintiffs argue that, as residents of the Southern District, their choice of forum should be given considerable weight.

Plaintiffs are not involved in the action pending in Albany, nor were they involved in the action in the Northern District, in which Judge Cholakis examined different subpoenas. Thus, no substantial interest would be served by disturbing plaintiffs' choice of forum. Moreover, the Board, by demanding that plaintiffs give testimony and produce documents in the Southern District, demonstrated its willingness to pursue this investigation in the Southern District. Finally, although the Southern District of New York, with nine of its twenty-eight judgeships currently vacant, is extremely overburdened, the Northern District of New York is also hardpressed with three of its five judgeships vacant.

For the foregoing reasons, defendants' motions to dismiss or transfer, pursuant to 28 U.S.C. §§ 1406(a) & 1404(a), are denied.

SO ORDERED.